UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 8 2002

Michael N. Milby
Clerk of Court

ANA PATRICIA CERDA-CARDENAS, )
                              )
v.                            )    C.A. **B-02-109**
                              )
E.M. TROMINSKI, INS DISTRICT  )
  DIRECTOR, AND               )
JOHN ASHCROFT, U.S. ATTORNEY GENERAL. )
_____)

**PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Ana Patricia Cerda-Cardenas ("Ms. Cerda"), through counsel, hereby files the instant Petition, seeking a Writ of Habeas Corpus, and Complaint for Declaratory and Injunctive Relief. Petitioner would note that she is already a member of the putative class in *Hernandez-Leija et al v. Trominski et al*, C.A. B-01-206, which class has not yet been certified.

However, since Respondents therein are claiming that the "notice" claims are moot if counsel has advised the Petitioner of the existence of parole before the action is filed, the instant petition is being separately filed, before such advisals have been given. Petitioner will thereafter seek joinder. In that no Answer has yet been filed in *Hernandez-Leija, supra*, such joinder should not greatly inconvenience the Parties, or the Court.

I. JURISDICTION AND VENUE

1. Jurisdiction herein is laid under 28 U.S.C. §§2241 (habeas corpus), 1331 (federal question), and 1346(a)(2) (actions against Officers of the United States), and pursuant to 28 U.S.C. §2201 et seq, (Declaratory Judgment Act).

2. Many of the acts and omissions complained of herein occurred in Harlingen, Texas, where Respondent Trominski maintains his offices.

Further, Petitioner is currently detained by Respondents at the Port Isabel Service Processing Center, ("PISPC") in Bayview, Texas, within the jurisdiction of this Court.

## II. THE PARTIES

3. Petitioner Ana Patricia Cerda-Cardenas is a native and citizen of Mexico, and lawful permanent resident of the United States, ("LPR"). She is currently detained by Respondents, without bond, at PISPC, pursuant to the authority of 8 U.S.C. §1225(b)(2)(A).

## III. THE FACTS

4. Petitioner Cerda is a lawful permanent resident, having been admitted in approximately 1984, at the age of two or three years.

5. Petitioner Cerda was admitted as a toddler, with her entire family. Her mother has since passed away, but her father and siblings are still here. They reside at 1929 Hackberry, in McAllen Texas, where they have been for about four or five years.

6. Petitioner Cerda has never before had any problems with the law, and was working as a cashier, when the incident occurred which led to her detention, on or about May 3, 2002. She was returning from a brief, casual, and innocent trip to Mexico. A friend had lent her his car. He told her to put gas in it, because it was almost empty, and that when she got to the other side, she would be reimbursed. She had no idea that the vehicle was carrying contraband, and would not have gotten involved if she had been even the least bit suspicious. However, when she reached the bridge, marijuana was discovered in the vehicle, and she was detained, and sent to the detention center at PISPC.

7. The Agents at the bridge were so rough with her that she still has a painful lump on her hand, where she was injured during their attempt to get her to "admit" that she knew the drugs were there.

No criminal charges were filed, but Respondents are still detaining her. She asserts that she is innocent, and believes that she should be released. But the INS detention guards have told her that if she tries to fight her case, they will file federal criminal charges against her. They told her that she would spend ten years in prison, and that after that, would be deported anyway, so there is no point in trying to defend herself.

8. Ms. Cerda wanted to pursue her legal remedies, in an attempt to retain her status as a lawful permanent resident, but had concluded that this was hopeless. No-one ever explained to her that there exists any process by which she could request a bond, or that such a thing as "parole" existed. To the contrary, she has been told that she is not eligible for a bond, and believing that, has not made any written applications for release.[1] In fact, she has never seen the person whom she believes to be her deportation officer.

9. Ms. Cerda had wanted to talk to her deportation officer, because she wanted to see if there was some way she could get her deportation more quickly, since she believed that was going to be deported anyway. But she never got the chance to do so.

10. Ms. Cerda has been told that she has a hearing with Immigration Judge Ayala, on Wednesday, May 29, 2002. Depending on what he tells her, she indicated that she may sign her deportation. She is desperate, and scared, as she believes INS' threats, that they will prosecute her in federal court if she attempts to defender herself, and that she will go to jail for ten years.

---

[1] *See, Goonsuwan v. Ashcroft*, 252 F.3d 383, 389 (5th Cir. 2001) ("Even when exhaustion is a jurisdictional bar, this Court recognizes an exception 'when administrative remedies are inadequate.'"). Mr. Gonzalez has also made a second request for a hearing with the Immigration Judge, based on the ever accumulating court decisions that §1226(c) is unconstitutional as applied to LPRs, but there has, as yet, been no ruling on said request.

11. The undersigned has tried to explain to her that this is an empty threat, but that is difficult for her to believe, given everything that she have been told at PISPC by INS agents. Since she believes that it is INS who has the ability to do file such charges, it is hard for her not to believe what they tell her.

## IV. THE CAUSES OF ACTION
### A. HABEAS CORPUS

Petitioner asserts that her detention violates the laws and Constitution of the United States, as well as international law and treaty obligations with their native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

She therefore requests that her habeas petition be granted, and that preliminary and permanent injunctions issue, requiring that Respondents: 1) advise her of the existence of parole; [2] 2) grant her a prompt hearing before an Immigration Judge at which she may request parole, and 3) that at said hearing her entitlement to parole under 8 U.S.C. §1182(d)(5)(A), with or without bond, be adjudicated on the basis of whether she presents a flight risk, or constitutes a threat or danger to the community.

### B. DECLARATORY JUDGMENT

Petitioner seeks a Declaratory Judgment, declaring that, as applied to LPRs detained as "arriving aliens" pending removal proceedings, the lack of any entitlement to a hearing on their requests for parole under 1182(d)(5)(A), (with or without a bond), and notice of the procedures for requesting same, violate the Due Process Clause. Furthermore, because Petitioner is an LPR, she asserts that she has a fundamental right to re-unite with his family within the United

---

[2] Given Respondents' position that a case is "moot" if the LPR has been informed of parole prior to filing her petition, the undersigned has not yet advised Ms. Cerda of the existence of this remedy, and will do so only after the instant petition is filed.

4

States, and a fundamental liberty interest in being able to seek bond while awaiting removal proceedings to determine whether she will be allowed to stay in the United States, or whether a final order of removal will be entered against her which then, and only then, would terminate her status as an LPR.

Petitioner also seeks a Declaratory Judgment, declaring that for Respondents to lawfully detain her, they must show significant special justification that her civil detention would be justified, in light of her status as LPR physically detained within the U.S.

### C. INJUNCTIVE RELIEF

Petitioner further seeks preliminary and permanent injunctions, restraining and enjoining Respondents from not affording her a parole hearing before an Immigration Judge, at which her entitlement to parole, with or without bond, during removal proceedings is determined on the basis of whether she is a flight risk, or constitutes a threat or danger to the community.

### D. EQUAL PROTECTION

Petitioner would note that the relief requested is very similar to that which has been requested in *Reyna-Montoya et al v. Trominski et al*, CA B-02-026, and which has been ordered by the Tenth, Ninth, and Third Circuits, in *Hoang v. Comfort*, 282 F.3d 1247 (10th Cir. 2002); *Kim v. Ziglar*, 276 F.3d 523 (9th Cir. 2002), and *Patel v. Zemski*, 275 F.3d 299 (3rd Cir. 2001), and has also been granted by countless United States District Courts, including, very recently, the Northern District of Texas, in *Serrano v. Estrada*, No. 3-010CV-1916-M (N.D.Tx. April 19, 2002). Petitioner Cerda asserts that it violates Equal Protection to grant bond hearings to otherwise similarly situated LPRs who were detained within the U.S., while denying it to those detained at a port of entry, following a brief, innocent, and casual visit to Mexico. She therefore prays that this

Honorable Court will follow these decisions and find that it is unconstitutional to detain LPRs as "arriving aliens," within the meaning of 8 U.S.C. §1101(a)(13)(C), without providing them with notice of the availability of parole under 8 U.S.C. §1182(d)(5)(A), and providing a hearing on their requests for parole, with or without a bond, utilizing the criteria of 8 C.F.R. §212.5(c), as a guide to determining whether they constitute a danger to the community, or present a flight risk.

### E. OTHER AND FURTHER RELIEF

Finally, Petitioner seeks such other and further relief, including costs and attorneys fees, as this Honorable Court may find to be just and appropriate under all of the circumstances.

Respectfully Submitted,

_____
Lisa S. Brodyaga, Attorney          Thelma O. Garcia, Attorney
17891 Landrum Park Road             301 E. Madison
San Benito, TX 78586                Harlingen, TX 78550
(956) 421-3226                      (956) 425-3701
(956) 421-3423 (fax)                (956) 428-3731 (fax)
Fed. ID. 1178
Texas Bar 03052800

### VERIFICATION

I, Lisa S. Brodyaga, hereby certify that I am familiar with Ms. Cerda's case, and that the facts as stated with respect thereto, including the fact that I have not yet advised her of the availability of parole, are true and correct to the best of my knowledge and belief.

_____
May 28, 2002

AO 440 (Rev 1/80) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Ana Paticia Cerda

SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER: B-02-109

E.M. Trominski, INS District Director + John Ashcroft, US Attorney General

TO: (Name and Address of Defendant)

E.M. Trominski
2102 Teege
Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within ____60____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

5-28-02

CLERK

DATE

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

Southern _____ DISTRICT OF ____ Texas ____

Ana Patricia Cerda

SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER: **B-02-109**

E.M. Trominski, INS District Director, and
John Ashcroft, U.S. Attorney General

TO: (Name and Address of Defendant)

John Ashcroft
950 Pennsylvania Ave NW #5111
Washington, DC 20530-0001

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within ___60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk
CLERK

_____
BY DEPUTY CLERK

5-28-02
DATE

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_Southern_ DISTRICT OF _Texas_

Ana Patricia Cerda

V.

E.M. Trominski
INS District Director +
John Ashcroft
US Attorney General

TO: (Name and Address of Defendant)

US Attorney
PO Box 61129
Houston TX 77208

SUMMONS IN A CIVIL ACTION

CASE NUMBER: B-02-109

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within ___60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk
CLERK

[signature]
BY DEPUTY CLERK

5-28-02
DATE